IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SAMUEL RIDDICK,**
         **Petitioner,**

v.                                              **Civil Action No. 3:19-CV-71**
                                                        **(GROH)**

**NEWSPAPER REPORTERS,**
**VOICE OF CITIZENSHIP,**
**SIR MR. WAULDS, Relatively Elitism,**
       **WTTA Interest Radio, and**
**WARDEN,**
         **Respondents.**

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

On May 6, 2019, the *pro se* petitioner filed a Petition pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus. ECF No. 1. At the time this matter was filed, Petitioner was not a federal inmate. A notice of deficient pleading was issued on May 6, 2019, which advised Petitioner that he need to file his petition on the correct form, pursuant to the Local Rules of Prisoner Litigation Procedure 3.4. ECF No. 4. On June 5, 2019, Petitioner filed the Court-approved form, a motion for leave to proceed without prepayment of fees, and a Prisoner Trust Account Report ("PTAR").

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure 2.

## II. PROCEDURAL HISTORY

### A. Petitioners' First Conviction and Sentence[1]

On December 23, 2002, in case number 2:02-CR-667 in the Eastern District of Pennsylvania, Philadelphia division, Petitioner was convicted on his plea to Counts 1 through 14 of the indictment, which all charged making false statements in violation of 18 U.S.C. § 924(a)(1)(A), and Count 15 of the indictment which charged dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). ECF Nos. 1, 11, 12. On March 26, 2003, Petitioner was sentenced to fifteen months of imprisonment followed by three years of supervised release for his convictions. ECF Nos. 14, 19.

### B. Petitioner's Second Conviction and Sentence[2]

On August 28, 2007, Petitioner was charged in case number 2:07-CR-515 in the Eastern District of Pennsylvania, Philadelphia division, with failure to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2) and (b)(A)(ii). On November 15, 2007, Petitioner entered his plea to the indictment. ECF Nos. 14, 15. On February 13, 2008, Petitioner was sentenced to 14 months of incarceration on each count, to be served concurrently to one another but consecutively to the sentence imposed in 02-CR-667. ECF No. 18 at 2.

---

[1] The facts in section II.A. are taken from Petitioner's criminal case, docket number 2:02-CR-667 in the Eastern District of Pennsylvania, available on PACER. Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[2] The facts in section II.B. are taken from Petitioner's criminal case, docket number 2:07-CR-515 in the Eastern District of Pennsylvania, available on PACER. Unless otherwise noted, the ECF entries in section II.B. refer to that criminal case.

### C.     Petitioner's Direct Appeal

A review of the dockets for the aforementioned cases and PACER shows that Petitioner did not appeal either of his convictions and/or his sentences.

### III.  LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### IV.  ANALYSIS

The Petitioner, federal inmate number 56806-066, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241, on May 6, 2019. Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the Bureau of Prisons' Inmate Locator service, Petitioner was released from custody on July 6, 2009. https://www.bop.gov/inmateloc/.  Petitioner's release date was approximately ten years before the filing of his petition for habeas corpus.

Additionally, in his amended petition filed June 5, 2019, Petitioner listed his address as Huntingdon SCI, 1100 Pike Street, Huntingdon, PA 16654-1112. Further, a

3

review of the Pennsylvania Department of Corrections website, https://www.cor.pa.gov/facilities/stateprisons/pages/huntingdon.aspx, reveals that SCI Huntingdon is a Pennsylvania correctional institution located at 1100 Pike Street, Huntingdon, PA 16654-1112, the address Petitioner provided for his residence. Accordingly, although Petitioner may be in jail, he is not "in custody under or by color of the authority of the United States," nor is he "committed for trial before some court thereof." 28 U.S.C. § 2241(c)(1).

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States. In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this court lacks jurisdiction, this court cannot entertain the petition.

Moreover, the Court notes that the petition, amended petition, and other pleadings, while written in English, are rambling, unintelligible, nonsensible and often illegible. To the extent that Petitioner attempted to assert a claim with any merit, the Court is unable to comprehend the same.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:     June 6, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE